UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA LEYVA, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 20-cv-02385 |
| v. | ) |
| ILLINOIS COLLECTION SERVICE, INC., | ) |
| Defendant. | ) Jury Demanded |

# COMPLAINT

Plaintiff Laura Leyva, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm as a result of Defendant's attempt to collect an alleged debt from her, by mailing her a letter that does not correctly indicate the identity of the creditor to which the alleged debt is owed.

1

## PARTIES

5. Plaintiff, Laura Leyva, ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for medical services. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Illinois Collection Service, Inc. ("ICS"), is an Illinois corporation that does or transacts business in Illinois. Its registered agent is John P Cronin, 8231 185th Street, Tinley Park, Illinois, 60487.

7. ICS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. ICS holds a collection agency license from the State of Illinois.

9. ICS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred an alleged debt for medical care provided to her for personal purposes, unrelated to any business purpose ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and the alleged debt went into default.

12. ICS subsequently began collecting the alleged debt.

13. On or about May 1, 2019, ICS sent Plaintiff a collection letter ("Letter") in an attempt to collect the alleged debt. (Exhibit A, Collection Letter).

14. The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

15. Plaintiff read the Letter.

16. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

17. The Letter was ICS's initial communication with Plaintiff regarding the alleged debt.

18. The Letter states "Re: Laura Leyva." (Exhibit A, Letter)

19. The Letter states "Client: Integrated Imaging Consultants, Llc"

20. The Letter provides an Account number belonging to ICS.

21. The Letter directs that payment may be remitted to ICS.

22. However, ICS is not the creditor to whom the debt is owed.

23. The Letter does not identify any creditor to whom a debt is owed.

24. The Letter further indicates that upon written request by Plaintiff made within thirty (30) days of receiving the notice, "this office will provide you with the name and address of the original creditor, if different from the **current creditor**." (Ex. A, Letter) (emphasis added).

25. Yet nowhere does the Letter identify a current creditor, or any "creditor."

26. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **. . . (2) the name of the creditor to whom the debt is owed. . . .**

3

27. ICS has failed to effectively state the name of the current creditor, in violation of 15 U.S.C. § 1692g(a)(2).

28. A debt collector risks violating the FDCPA when it chooses its own language that does not make clear the identity of the current creditor. *Steffek v. Client Servs.*, No. 19-1491, 2020 U.S. App. LEXIS 1759, at *12 (7th Cir. Jan. 21, 2020) (requiring the debt collector to identify clearly the name of a creditor to whom a debt is owed).

29. ICS's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

30. Plaintiff, Laura Leyva, brings this action individually and as a class on behalf of (1) all persons similarly situated in the United States of America (2) from whom ICS attempted to collect a debt (3) by mailing a letter substantially similar to Exhibit A of Plaintiff's Complaint (4) which does not identify a company "creditor", and which letter was (5) mailed during the period of time that begins one year prior to the filing of this Class Action Complaint, and ends on the date of filing of this Class Action Complaint.

31. Exhibit A is a form letter.

32. As Exhibit A is a form letter, the Class likely consists of more than 40 persons from whom ICS attempted to collect a judgment.

33. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

35. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because ICS's conduct was perpetrated on all members of the Class and will be established by common proof.

36. Moreover, Plaintiff has retained counsel that has been approved as class counsel in prior class actions brought under the FDCPA.

## **COUNT I—FAIR DEBT COLLECTION PRACTICES ACT**

37. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

38. ICS failed to effectively state the name of the current creditor to whom a debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class and against ICS as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com